UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. |
| **RONALD D. BUSH II, CLOVERLEAF CONSULTING GROUP, LLC, and CLOVERLEAF CONSULTING GROUP, LLC 401(k) PLAN,** | ) ) ) ) ) ) |
| Defendants. | ) |

# COMPLAINT

Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor ("Secretary"), alleges as follows:

1. This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, and is brought by the Secretary under ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and practices that violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

2. The Cloverleaf Consulting Group, LLC 401(k) Plan (the "Plan") is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3),

which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

3. This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

4. Venue of this action lies in the Eastern District of Michigan, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan, is administered in West Bloomfield, Oakland County, Michigan, within this district.

### DEFENDANTS AND PARTIES IN INTEREST UNDER ERISA

5. Defendant Cloverleaf Consulting Group, LLC ("Cloverleaf") is a Michigan limited liability company that was formed on August 3, 2009.

6. From January 1, 2016 to the present, Defendant Cloverleaf was the Plan Administrator to the Plan within the meaning of ERISA § 3(16), 29 U.S.C. § 1002(16), was the Plan's fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and was a party in interest to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(3)(14)(A) and (C).

7. The Plan is named as Defendant pursuant to Rule 19(a)(1)(A) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

8. From at least January 1, 2016 to the present, Defendant Ronald D. Bush II ("Bush") was the sole owner and managing member of Defendant

Cloverleaf; exercised control over Defendant Cloverleaf and its assets; exercised discretionary authority and discretionary control respecting management of the Plan; exercised authority and control over disposition of the Plan's assets; was a limited trustee of the Plan; and was a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a party in interest to the Plan within the meaning of ERISA § 3(14)(A), (E) and (H), 29 U.S.C. §1002(A), (E) and (H).

## GENERAL ALLEGATIONS

9. Defendant Cloverleaf established the Plan on January 1, 2016, to provide retirement benefits to its employees and their beneficiaries.

10. The Plan was funded by employee salary reduction contributions and by employer contributions.

11. From at least January 1, 2016, Defendant Bush was an authorized signatory to Cloverleaf's bank account with the authority to transfer funds to and from these accounts.

12. Defendant Bush used the company bank account for personal expenses, such as child support, jewelry, a vehicle, gulf club membership and meals.

## COUNT ONE
## Failure to Remit Employee Contributions to the 401(k) Plan

13. Paragraphs 1 through 12 above are realleged and incorporated in these allegations.

14. From October 27, 2017 through December 24, 2020, the Plan's governing documents provided in pertinent part that participants could make pre-tax salary deferral contributions to the Plan.

15. From October 27, 2017 through December 24, 2020, Defendant Cloverleaf withheld $9,282.76 from its employees' pay as salary deferral contributions intended for the Plan. Defendant Cloverleaf retained the withheld employee contributions in its bank account and never remitted them to the Plan.

16. From October 27, 2017 through the present, Defendant Bush had authority and control over whether Defendant Cloverleaf remitted withheld employee salary deferral contributions to the Plan, and Defendant Bush exercised such authority and control.

17. From October 27, 2017 through the present, Defendant Bush caused Defendant Cloverleaf to retain $9,282.76 in employee salary deferral contributions to the Plan in its company bank account and used them to pay Defendant Cloverleaf's general operating expenses and Defendant Bush's personal expenses.

18. Based on the facts described in Paragraphs 13 through 17 above, Defendants Cloverleaf and Bush:

      a.    permitted the Plan's assets to inure to the benefit of the employer and failed to hold them for the exclusive purpose of providing benefits to the Plan participants and their beneficiaries and defraying reasonable expenses of plan administration in violation of ERISA § 403(c)(1), 29, U.S.C. § 1103(c)(1);

      b.    failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

      c.    failed to discharge their duties with the care, skill, prudence, and diligence that a prudent man acting in a like capacity and familiar with such matters would use for the same conduct in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

      d.    caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by, or for the benefit of a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

      e.    dealt with assets of the Plan in their own interest in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

5

  f. acted on behalf of a party whose interests are adverse to the interest of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

19. As a direct and proximate result of Defendants Cloverleaf and Bush's fiduciary breaches, the Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## COUNT TWO
### Failure to Remit Employee Contributions to the 401(k) Plan in a Timely Manner

20. Paragraphs 1 through 12 above are realleged and incorporated in these allegations.

21. From August 19, 2016 through September 11, 2020, Defendant Cloverleaf withheld $43,918.46 from its employees' pay as salary deferral contributions intended for the Plan.

22. From August 19, 2016 through September 11, 2020, Defendant Cloverleaf failed to remit $43,918.46 from its employees' pay as salary deferral contributions intended for the Plan in a timely manner and retained those amounts in its company bank account.

23. From August 19, 2016 through September 11, 2020, Defendant Bush caused Defendant Cloverleaf to withhold $43,918.46 in employee salary deferral

contributions from employees' paychecks and not remit them to the Plan in a timely manner.

24.  From August 19, 2016 through the present, Defendant Bush had authority and control over whether and when Defendant Cloverleaf remitted withheld employee salary deferral contributions to the Plan, and Defendant Bush exercised such authority and control.

25.  From August 19, 2016 through September 11, 2020, Defendant Bush caused Defendant Cloverleaf to untimely remit employee salary deferral contributions to the Plan and hold them in its company's bank account until they were remitted.

26.  Based on the facts described in Paragraphs 20 through 25 above, Defendants Cloverleaf and Bush:

    a.  permitted the Plan's assets to inure to the benefit of the employer and failed to hold them for the exclusive purpose of providing benefits to the Plan participants and their beneficiaries and defraying reasonable expenses of plan administration in violation of ERISA § 403(c)(1), 29, U.S.C. § 1103(c)(1);

    b.  failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of

plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

 c. failed to discharge their duties with the care, skill, prudence, and diligence that a prudent man acting in a like capacity and familiar with such matters would use for the same conduct in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

 d. caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by, or for the benefit of a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

 e. dealt with assets of the Plan in their own interest in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

 f. acted on behalf of a party whose interests are adverse to the interest of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

27. As a direct and proximate result of Defendants Cloverleaf and Bush's fiduciary breaches, the Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## COUNT THREE
## Failure to Remit Employer Contributions to the 401(k) Plan

28. Paragraphs 1 through 12 above are realleged and incorporated in these allegations.

29. The Plan and Plan's adoption agreement required that Defendant Cloverleaf remit employer contributions to the Plan.

30. Defendant Bush was responsible for collecting the mandatory employer contributions for the Plan.

31. The Plan requires employer contributions to be made to the Plan not later than the due date for filing the company's income tax return for its tax year in which the Plan year ends, including extensions.

32. For 2017 and 2018, Defendant Cloverleaf filed its tax returns on June 1, 2018 and April 15, 2019, respectively.

33. Defendant Cloverleaf failed to remit and Defendant Bush failed to collect $2,088.40 and $7,497.53 in mandatory employer contributions to the Plan for plan years 2017 and 2018, respectively.

34. Defendant Cloverleaf had sufficient liquid assets on or around June 1, 2018 and April 15, 2019 to pay the employer contributions owed to the Plan.

35. After June 1, 2018, when the Plan had a right to collect 2017 employer contributions, Defendant Bush used the company bank account for personal expenses. From July to October of 2018, Defendant Bush made $6,000 in

9

child support payments from the company funds. On November 26, 2018, Defendant Bush used the company bank account to purchase a car in the amount of $12,357.36.

36. But for Defendant Bush's use of Cloverleaf's bank account for personal expenses, efforts to collect these contributions would have been successful.

37. Based on the facts described in Paragraphs 28 through 36 above, Defendants Cloverleaf and Bush:

    a. failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

    b. failed to discharge their duties with the care, skill, prudence, and diligence that a prudent man acting in a like capacity and familiar with such matters would use for the same conduct in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B); and

    c. failed to discharge their duties in accordance with the documents and instruments governing the plan insofar as such documents

and instruments are consistent with the provisions of Title I and IV of ERISA in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

38.     As a direct and proximate result of Defendants Cloverleaf and Bush's fiduciary breaches, the Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

### COUNT FOUR
### Failure to Maintain Fidelity Bond for Fiduciaries of 401(k) Plan

39.     Paragraphs 1 through 12 above are realleged and incorporated in these allegations.

40.     From the inception of the Plan in 2016 to 2020, Defendants Cloverleaf and Bush failed to maintain a fidelity bond for the Plan.

41.     On or around January 16, 2019, Defendants Cloverleaf and Bush obtained a fidelity bond to provide coverage in the amount of only $4,000, while the required bond amount for that year was at least $11,757 based on the total amount of funds handled in 2018.

42.     Under ERISA § 412(a)(3)(D), 29 U.S.C. § 1112(a)(3)(D), the bond must provide coverage for persons handling plan funds in an amount no less than 10% of the amount of funds handled by the person in the previous year.

43. Upon information and belief, to date, Defendants Cloverleaf and Bush have not renewed the fidelity bond since its January 16, 2020 expiration date or obtained a new fidelity bond with adequate coverage.

44. By the conduct described in Paragraphs 39 through 43 above, Defendants Cloverleaf and Bush failed to ensure that the fiduciaries of the Plan who handled the funds or other property of the Plan were bonded at the level required by law against losses to the Plan resulting from acts of fraud or dishonesty in violation of ERISA § 412(a), 29 U.S.C. § 1112(a).

## COUNT FIVE
### Failure to Prepare and File Annual Reports and Distribute Summary Annual Reports

45. Paragraphs 1 through 12 above are realleged and incorporated in these allegations.

46. Defendant Cloverleaf in its capacity as Plan Administrator of the Plan is responsible for filing annual reports and distributing summary annual reports to Plan participants.

47. Defendants Cloverleaf and Bush have not filed the Plan's annual reports (Form 5500) for 2017 and 2019.

48. Defendants Cloverleaf and Bush have not distributed the Plan's summary annual reports to Plan participants for 2016, 2017, 2018 and 2019.

49. By the conduct described in Paragraphs 45 to 48 above, Defendants Cloverleaf and Bush:

    a. breached their duty to provide annual reports to the Secretary and furnish summary annual reports to the Plan participants in violations of ERISA §§ 101(a)(2) and (b)(1), 29 U.S.C. §§ 1021(a)(2) and (b)(1);

    b. failed to file its annual reports for 2017, and 2019 with the Secretary in violation of ERISA §§ 103(a)(1)(A) and 104(a)(1), 29 U.S.C. §§ 1023(a)(1)(A) and 1024(a)(1); and

    c. failed to, as the Plan administrator, furnish the Plan participants a copy of summary annual reports for 2016, 2017, 2018 and 2019 in violation of ERISA § 104(b)(3), 29 U.S.C. § 1024(b)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Secretary prays that this Court enter a judgment:

    A. Permanently enjoining Defendants Cloverleaf and Bush from violating the provisions of Title I of ERISA;

    B. Permanently enjoining Defendants Cloverleaf and Bush from serving or acting as fiduciaries or service providing to any ERISA-covered employee benefit plan and removing them from any positions they now hold as fiduciaries of the Plan;

C.     Appointing an independent fiduciary to administer the Plan and safeguard plan assets;

D.     Ordering Defendants Cloverleaf and Bush to make good to the Plan, all losses, including lost opportunity costs, resulting from fiduciary breaches committed by them for which they are liable;

E.     Ordering Defendants Cloverleaf and Bush to correct the prohibited transactions in which they engaged;

F.     Ordering Defendants Cloverleaf and Bush to file annual reports with the Secretary and furnish them and make them available to Plan participants in accordance with U.S.C. § 1024(b), and to furnish to each Plan participant, and to each beneficiary receiving benefits under the Plan, a copy of the summary annual reports for all outstanding years;

G.     Ordering Defendants Cloverleaf and Bush to reverse the prohibited transactions in which they engaged;

H.     Awarding the Secretary the costs of this action; and

I.     Ordering such further relief as is appropriate and just.

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

s/ *Arsalan A. Nayani*

**ARSALAN A. NAYANI**
Attorney

Office of the Solicitor
U.S. Department of Labor
230 South Dearborn Street
Eighth Floor
Chicago, Illinois 60604
Telephone: (312) 353-5738
Email: Nayani.arsalan.a@dol.gov

Attorneys for Eugene Scalia,
Secretary of Labor,
United States Department of Labor,
Plaintiff